50071. ALBRIGHT v. BENEFIELD.

PANNELL, Presiding Judge.

Arthur Benefield sued C. K. Albright for the sum of $4,900, plus interest and secured a verdict and judgment for that amount. Albright appealed, claiming the verdict was excessive. The evidence shows Benefield contracted with Albright to negotiate contracts for material and labor and to supervise the building of 14 apartment units for the price of $350 per unit, but was to furnish no material, nor labor other than supervising. Sometime during the progress of the work, Albright took over and finished the project. Why and when is in dispute. According to Albright, he took over in August of a given year, and took over because Benefield was too slow in getting the work started. According to Benefield, it was several months later, and after the project was well under way, and without any fault on his part. The only matters not in dispute were the contract price and the fact that Benefield did not work to the completion of the project. All other matters were in dispute, though sometimes by slight evidence. We, accordingly, cannot say that a verdict for the entire amount sued for was excessive.

The measure of damages where an employee is circumvented from performing his contract by the wrongful act of the employer is the value of the contract to him. *Royston v. Littrell Engineering Co.,* 87 Ga. App. 903 (75 SE2d 678); *Candler v. Bryan,* 189 Ga. 851 (8 SE2d 81); *Irwin v. Young,* 91 Ga. App. 773, 780 (87 SE2d 322).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED JANUARY 10, 1975 — DECIDED
JANUARY 29, 1975.

*Claude E. Hambrick,* for appellant.
*Carnes & White, James A. White, Jr.,* for appellee.